### (87 South. 712)

### No. 23040.

### MACKIE PINE PRODUCTS CO. v. FREDERICK.

#### (Feb. 28, 1921.)

*(Syllabus by Editorial Staff.)*

**1. Corporations ☞407(2)—Officer not entitled to rely on rule that person dealing with president is entitled to rely on apparent authority.**

·An organizer of a company, a charter member, its vice president and director, familiar with the charter authority of the president, and that he had no power to employ agents, cannot rely on his reconventional demand against the company as for breach of contract of employment, on the principle that a person dealing with the president of a corporation is entitled to assume the president has actually been invested with his customary powers.

**2. Corporations ☞99(1)—Issuance of stock valid only in so far as for value received.**

Under Const. art. 266, only in so far as value has been received therefor, is the issue of corporate stock valid.

**3. Corporations ☞104—Estoppel could not cure nullity of gratuitous stock.**

A corporation could not, by its consent, cure the nullity, under Const. art. 266, of stock issued not for value, and what could not be done by consent could not be done by estoppel against the company.

**4. Appeal and error ☞713(1)—Statement not offered in evidence improperly included in transcript.**

A certain sworn statement, not offered in evidence, is improperly included in the transcript on appeal.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by the Mackie Pine Products Company against E. J. Frederick. From judgment for plaintiff, rejecting defendant's reconventional demand, both parties appeal. Judgment appealed from set aside, plaintiff ordered to have judgment against defendant, etc.

Harvey E. Ellis, of Covington (J. C. Cappel, of Covington, of counsel), for plaintiff.

Lewis L. Morgan, of Covington, for defendant.

PROVOSTY, J. The plaintiff corporation sues defendant for the return of certain shares of its capital stock, issued to him without value received, and for the cancellation of said stock as if never issued, and for the return of certain dividends heretofore paid to him on this stock, at the same time · acknowledging itself to be indebted to him in a certain amount. Defendant reconvenes for $2,000, alleged to be due him by plaintiff under a contract of employment. Plaintiff denies that any such contract was ever made, and contends that, if its president made such a contract, the same was null and in no way binding, because of want of authority on the part of its president to make it.

There was judgment as prayed by plaintiff. and rejecting defendant's reconventional demand, and both parties have appealed.

The charter of the plaintiff corporation says not a word regarding the powers and duties of the president, except that he shall preside at the meetings of the directors and that citation may be served upon him. It contains the following provision:

"The board of directors shall elect and employ any and all employees, managers and clerks of the corporation they may deem necessary for the conduct of its business, and may fix their compensation, and may remove or dismiss at pleasure."

Defendant invokes the principle of law that—

"A person dealing with the president of a corporation in the usual manner, and within the powers which the president has been accustomed to exercise without the dissent of

the directors, is entitled to assume that the president has actually been invested with these powers." 7 R. C. L. 436, p. 451.

[1] Assuming the contention of defendant to be true that the directors of the plaintiff corporation had left the management of its affairs entirely in the hands of the president, and that the president did employ him, the above-mentioned principle can have no application to the case, because defendant was one of the organizers of the company, a charter member, its vice president and one of its directors, perfectly familiar, therefore, with the fact that the charter gave the president no authority to employ agents but, on the contrary, expressly restricted such authority to the board of directors, so that there was no room for implication in the matter, especially in view of the fact that the contract of employment in question was not a minor or ordinary one; it being to act as financial agent and in a measure as manager of the company.

While it is certain that defendant did afford the plaintiff corporation aid along those lines, the evidence upon the whole leaves it doubtful whether it was by virtue of any special contract or employment and not simply from a motive of general interest in the welfare of the company.

The shares of stock were issued to plaintiff on the expectation that he would pay for same, and the face value thereof $2,000, for 20 shares of $100 each, was carried on the books of the company on open account.

Defendant contends that, as his financial standing was good, and this amount of $2,000 could have been made good by suit, its being carried on open account was equivalent to a payment.

[2] Under article 266 of the Constitution:

"No corporation shall issue stock or bonds except for labor done or money or property actually received," etc.

Only in so far as value has been received therefor is the issue of stock valid.

[3] The estoppel which defendant invokes against the right of the plaintiff corporation to have the nullity of this gratuitous issue of stock declared cannot avail. The company itself could not by its consent cure this nullity, and what cannot be done by consent cannot be done by estoppel.

On the said open account the defendant is credited with $423.46. As to four shares of this stock, therefore, there has been value received.

To the extent of these four shares the judgment appealed from is erroneous.

On the 20 shares of stock there has been paid to defendant $100 in dividends, and dividends subsequently accrued were deposited in court subject to the issue of this suit. Of these dividends the plaintiff is entitled to have $16/20$ and the defendant $4/20$.

Part of the deposited dividends consists of 40 shares of the capital stock of the plaintiff company, of $10 each, represented by one certificate, bearing the serial number 79; and the 20 shares issued by defendant are represented by two certificates, bearing the serial numbers 19 and 49, of 10 shares each.

[4] One of the grounds on which defendant applied below for a new trial was that the 20 shares of stock issued to him had been pledged by him to the St. Tammany Bank & Trust Company, and that in the absence of said company from the suit the invalidity of said stock could not be adjudged, and there is in the record a sworn statement of the cashier of said bank substantiating the fact of said pledge. This statement was not offered in evidence, and has therefore improperly been included in the transcript; but even if in evidence, no attention could be paid to it, as it is not relevant to any issue in the case.

For the purpose of recasting same, the

judgment appealed from will have to be set aside.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be set aside, and that the plaintiff have judgment against the defendant, canceling the issuance of the 20 shares of the capital stock of the plaintiff company, represented by the certificates bearing the serial numbers 19 and 49, and directing and ordering the defendant to return the said certificates to the plaintiff company, and that, upon the said restoration having been made, the said company issue to the defendant 4 full-paid shares of its capital stock, and that of the cash stock dividends deposited in court the clerk of court pay and deliver $16/_{20}$ to the plaintiff company, and deliver to the defendant $4/_{20}$, less an amount equal to the difference between $100 and $23.-46, this difference to be paid and delivered by said clerk of court to the plaintiff company; that said clerk of court deliver to the plaintiff company the certificate of stock No. 79 on deposit in his hands, and that the plaintiff company issue to the defendant 8 shares of its capital stock, of $10 each, and that the reconventional demand of the defendant be otherwise dismissed; that defendant pay the costs of the lower court, and that the plaintiff and defendant each pay one-half of the costs of this appeal.