(101 South. 266)

No. 24698.

## ST. TAMMANY BANK & TRUST CO. v. MACKIE PINE PRODUCTS CO.

(June 8, 1924.)

*(Syllabus by Editorial Staff.)*

Corporations ⬳123(10)—Offer to pay bank holding void stock as security and become subrogated sufficient to protect innocent pledgee.

Where corporation issued stock, void under Consts. 1898 and 1913, art. 266, and Const. 1921, art. 13, § 2, and stockholder used it as collateral for a loan from a bank, corporation's offer to pay bank and become subrogated to its claim against stockholder was an offer to do all that it was obliged to do for having issued stock, being obliged merely to protect innocent pledgee, and bank not being entitled to judgment against corporation for difference between par value of part of stock *held* valid and debt of stockholder.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by the St. Tammany Bank & Trust Company against the Mackie Pine Products Company. From the judgment, defendant appeals, and plaintiff answers. Judgment annulled, and judgment entered.

Harvey E. Ellis, of Covington, for appellant.

Lewis L. Morgan, of Covington, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. This suit is to compel a transfer to plaintiff of 20 shares of the capital stock of the defendant corporation. In the alternative, plaintiff asked for judgment for $1,500—the debt for which the stock was pledged to the bank—with interest and attorney's fees. The court gave judgment in favor of plaintiff for $1,500 and interest, subject to a credit of $400, being the par value of 4 shares of the capital stock. The defend-

ant has appealed, and plaintiff, answering the appeal, prays for judgment for the 20 shares of stock, or, in the alternative, for the 4 shares of stock and for $1,200 with interest and attorney's fees.

The 20 shares of stock were issued to one E. J. Frederick, who was one of the organizers, a charter member, a director, and an officer of the corporation. He did not pay for the stock, but agreed to pay for it in services to be rendered. In the meantime, the $2,000 subscription was carried on the books of the corporation as an open account against Frederick.

The corporation brought suit against Frederick to have the stock certificates declared null, under the provisions of the Constitution forbidding corporations, under penalty of nullity, to issue stock or bonds except for labor done or money or property actually received. See article 266 of Constitution of 1898 and of 1913; section 2 of article 13 of Constitution of 1921. There was judgment in favor of the corporation declaring the 20 shares of stock held by Frederick null. On appeal, the judgment was amended by declaring Frederick entitled to 4 shares of stock of the par value of $100 each. The reason was that Frederick's account on which he was charged $2,000 for the stock subscription was subject to credits amounting to $400. See Mackie Pine Products Co. v. Frederick, 148 La. 687, 87 South. 712.

In the meantime, Frederick had pledged the 20 shares of stock to the St. Tammany Bank & Trust Company, plaintiff in this suit, to secure a loan of $1,500, represented by a promissory note bearing interest and attorney's fees. The bank did not intervene in the suit brought by the Mackie Pine Products Company against Frederick to have the stock certificates declared void; but, soon after the judgment was rendered by the district court, and while a motion for new trial was pending, the cashier of the bank wrote a let-

ter to the judge, informing him that the bank held the stock certificates in pledge to secure Frederick's note. It appears that the letter was used by Frederick in support of his petition for a new trial, which, however, was not granted.

When it was thus made known to the Mackie Company that the certificates for the 20 shares of stock were held by the bank in pledge to secure Frederick's note, the Mackie Company offered to pay Frederick's debt to the bank, provided the bank would turn over to the Mackie Company Frederick's note and the stock certificates and a mortgage note that was also pledged by Frederick as collateral security on his note in the bank. The officers of the bank agreed to refer the proposition to the board of directors, but it was never finally acted upon. In the meantime, the bank went into liquidation and the liquidators put up Frederick's 20 shares of stock for sale, and bid it in for the bank, as the bank was authorized to do by the terms of the promissory note for which the stock was pledged as security. The amount of the bid for the 20 shares of stock was $1,500.

In answer to this suit, the Mackie Company again—while protesting that the issue of stock was null—offered to pay Frederick's debt to the bank, provided the bank would obtain judgment against him, so as to avoid a plea of prescription or other defense, and would thus allow the Mackie Company to be subrogated to the bank's claim against Frederick and to the securities pledged. In the brief filed for the Mackie Company in this court, it is repeated that the company is yet ready to pay Frederick's debt to the bank on the conditions stated in the answer to this suit.

Our opinion is that the Mackie Company's offer to pay Frederick's debt to the bank and become subrogated to the claim and the securities was an offer to do all that the Mackie Company was obliged to do for having issued the 20 shares of stock. In so far as the stock was not paid for it was void. While the bank held it only in pledge, it was not valid, strictly speaking; it merely obliged the corporation to protect the innocent pledgee against loss. The case is governed by the principle that an innocent pledgee of a negotiable instrument that was originally void for want of a consideration is entitled to collect from the maker of the instrument, not its face value, but only an amount sufficient to avoid the pledgee's sustaining a loss. Fidelity & Deposit Co. of Maryland v. Johnston, 117 La. 880, 42 South. 357.

The bank is entitled to the 4 shares of stock that this court ordered issued to Frederick in lieu of the 20 shares that were ordered canceled. But, so long as the bank declines to allow the Mackie Company to be subrogated to the bank's claim against Frederick and to the bank's securities, the bank is not entitled to a judgment against the Mackie Company for the difference between the par value of the 4 shares of stock and the debt for which Frederick pledged the 20 shares of stock.

The judgment in this case will not affect any right that the liquidators of the bank may yet have to take judgment against Frederick for any balance that he may owe on his note, and then demand that the Mackie Company shall pay the judgment and be subrogated thereto and to the securities held by the bank.

The judgment appealed from is annulled, and it is now ordered, adjudged, and decreed that the plaintiff, St. Tammany Bank & Trust Company in liquidation, shall have the stock certificate or certificates for the 4 shares of stock that this court ordered issued to E. J. Frederick in lieu of the 20 shares that were ordered canceled. In all other respects the demands of the plaintiff are rejected, reserving, however, any right that the liquidators of the bank may have to take judgment against Frederick for any

balance that may be due on his note, and to demand payment thereof from the defendant, Mackie Pine Products Company, allowing the company to be subrogated to the bank's claim and securities. The costs incurred in the district court are to be borne by the defendant,·and the costs of appeal by the plaintiff.